AO 91 (Rev. 6/95) Criminal Complaint

E-FILED
Thursday, 02 August, 2007 02:32:23 PM
Clerk, U.S. District Court, ILCD

# United States District Court

FILED

AUG - 2 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CENTRAL **DISTRICT OF** ILLINOIS

UNITED STATES OF AMERICA

v.

MOISE HARRIS

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-3039-m

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 1, 2007 in Sangamon County, in the Central District of Illinois, defendant(s) did, (Track Statutory Language of Offense)

**Knowingly possess 100 or more grams of Heroin, a Schedule I Controlled Substance, with the intent to distribute it**

in violation of 21 United States Code, Section(s) 841(a)(1)

I further state that I am a(n) Special Agent with the Drug Enforcement Administration and that this complaint is
                                          Name
based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:    X   Yes        No

Scott Giovannelli

Name of Complainant

s/ Scott Giovannelli

Signature of Complainant

Sworn to before me and subscribed in my presence,

August 2, 2007    1:55pm

Date

at    Springfield, IL

City and State

Byron G. Cudmore
U.S. Magistrate Judge

Name & Title of Judicial Officer

s/ Byron G. Cudmore

Signature of Judicial Officer

STATE OF ILLINOIS )
)ss
COUNTY OF SANGAMON )

## AFFIDAVIT

Scott Giovannelli, being first duly sworn, hereby depose and state:

1. I am a Special Agent with the Drug Enforcement Administration currently assigned to the Springfield, Illinois Resident Office (RO). I have been employed with the Drug Enforcement Administration since March 1996. Prior to employment with the Drug Enforcement Administration, I was employed as a Police Officer with the Village of Palatine, Illinois for approximately 5 ½ years. I have received specialized training in various aspects of narcotics investigations, which include, but are not limited to, interviewing defendants and witnesses, surveillance techniques and money laundering. I have prepared numerous criminal affidavits, executed search warrants, and testified at criminal trials during my participation in numerous drug investigations.

2. This affidavit is made in support of an application for a Complaint charging Moise Harris with Possession with Intent to Distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). A warrant for the arrest of Moise Harris is requested.

3. I am familiar with the following facts based upon my own personal investigation, the investigation of other law enforcement officers, or information officially furnished to me by other law enforcement officers, witnesses, or confidential sources.

4. On August 1, 2007, agents from the Springfield Resident Office (RO) were contacted by the Illinois State Police (ISP) and advised that an ISP Trooper had conducted a traffic stop on this same date in Springfield, IL. Agents were advised that during this traffic stop, the troopers located and seized a quantity of suspected heroin. S/A Scott Giovannelli and Task Force Officer (TFO) Jamie Jackson responded to ISP District 9 to meet with troopers.

5. At the district, agents were advised that at approximately 10:30 a.m., an ISP trooper conducted a traffic stop on a Oldsmobile van, bearing Illinois registration 9320858 (registered to: Moise Harris) southbound on Interstate 55 near the #88 mile marker. The traffic stop was conducted for a speeding violation, and equipment violation. The trooper reported that during the traffic stop, he identified the driver as Moise Harris, and the passenger as Titus Long. The trooper reported that Harris appeared to be nervous. The trooper reported that he asked Harris where he was going and Harris indicated to see his father at a hospital in St. Louis. When the trooper asked Harris which hospital, Harris looked away from the trooper and did not appear to

know the name of the hospital. The trooper reported that Harris eventually provided the name of a hospital that the trooper was not familiar with. During the traffic stop, the trooper learned that Harris had several prior drug related arrests. The trooper reported that during questioning of the passenger (Long), he did not seem to know where they were going or who they were going to visit.

6.      ISP Sgt. Trautvetter and his K-9 partner "Dash," a certified K-9 unit, responded to the traffic stop. The trooper reported that the K-9 unit arrived at the scene of the traffic stop approximately 10 minutes after being requested. Sgt. Trautvetter utilized his K-9 to conduct a clean-air sniff outside the vehicle. Sgt. Trautvetter reported that his K-9 indicated a positive alert for the presence of illegal drugs on the outside seam of the passenger side sliding door.

7.      Based upon the positive alert, troopers searched the vehicle. In the rear passenger area, in a compartment for the housing of the rear seatbelts, troopers located a black plastic bag, which contained clear plastic bags of a grey rocky substance. The substance in the plastic bags was later tested for the presence of heroin, and produced positive results. The gross weight of this exhibit was approximately 343 grams. Based on my training and expereince, I know that this amount is consistent with an intent to distribute and not for personal use.

8.      Both Harris and Long were arrested and transported to District 9 for further questioning. At the District, TFO Jackson, as witnessed by ISP Agent Sterling advised Harris of the Miranda Warnings, and Harris indicated that he understood his rights.

9.      S/A Giovannelli, TFO Jackson and Agent Sterling subsequently conducted an interview of Harris. During this interview, agents explained to Harris what had been located inside of his vehicle. Harris indicated to agents that he was responsible for everything inside his vehicle, and that Long had nothing to do with it.

s/ Scott Giovannelli
_____

Scott Giovannelli, Special Agent
Drug Enforcement Administration


Subscribed and sworn to before me
this  2  day of August, 2007.   1:55 pm


s/ Byron G. Cudmore

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE